**Olive McVAY, Administratrix of the Estate of Clifford R. (Dick) McVay, Deceased, Plaintiff,**

v.

**UNITED STATES of America, Defendant.**

**Civ. No. 4840.**

United States District Court
D. Wyoming.
March 8, 1965.

Raymond B. Whitaker, Casper, Wyo., and Hickey, Rooney & Walton, Cheyenne, Wyo., for plaintiff.

Robert N. Chaffin, U. S. Atty., Cheyenne, Wyo., for defendant.

KERR, District Judge.

The above-entitled matter having come on regularly for hearing upon defendant's Motion to Dismiss, J. J. Hickey and Raymond B. Whitaker appearing as counsel for the plaintiff, and Robert N. Chaffin, United States Attorney, appearing as counsel for defendant, the Court heard arguments of counsel and fully examined their memoranda of law in support of and in opposition to said motion; and being fully advised in the premises, the Court makes the following Findings of Fact and Conclusions of Law:

## FINDINGS OF FACT

1. This is an action for damages allegedly sustained for the death of plaintiff's intestate, brought against the United States under the provisions of the Federal Tort Claims Act, as amended, 28 U.S.C. §§ 1346(b), 2680, and related provisions, and arising out of the Mineral Leasing Act as amended, 30 U.S.C. Sections 181, 189, 226, and related provisions, and the Oil and Gas Operating Regulations, 30 C.F.R. Part 221, promulgated by the Secretary of Interior pursuant to the authority vested in him by the Mineral Leasing Act.

2. Plaintiff is the duly appointed, qualified and acting Administratrix of the Estate of Clifford R. (Dick) McVay, deceased, herein referred to as McVay.

3. Oil and Gas lease serial Cheyenne 036989 was issued by the United States to Amax Petroleum Corporation, covering lands in Natrona County, Wyoming. Amax Petroleum Corporation employed Thunderbird Drilling and Well Service, Inc., to drill an oil and gas well on lands embraced within said lease. McVay was a derrick man employed by Thunderbird Drilling and Well Service, Inc.

4. On August 14, 1963, McVay was working aloft on the derrick section of the drilling rig in the performance of his employment, when the drilling rig collapsed, felling McVay and crushing and fatally injuring him.

5. Plaintiff predicates her cause against the government on the grounds that the defendant, its agents and employees failed to perform the duties imposed by Oil and Gas Operating Regulations contained in Part 221, Title 30, Code of Federal Regulations.

332

## CONCLUSIONS OF LAW.

1. The Oil and Gas Operating Regulations at issue herein authorize the Secretary of the Interior, his agents and employees to do certain things and to make certain requirements which, in their discretion and judgment will promote the development and production of deposits of oil and gas and the lands owned and controlled by the United States and under the jurisdiction of the Secretary.

 2. In administering the Oil and Gas Operating Regulations the Secretary of the Interior, his agents and employees, exercise discretionary functions.

3. The Federal Tort Claims Act does not confer jurisdiction upon district courts coextensive with the waiver of sovereign tort immunity, for claims based upon the exercise or performance or the failure to exercise or perform a discretionary function or duty on the part of the federal agency or an employee of the Government, whether or not the discretion involved be abused.

4. The acts and omissions complained of by plaintiff in her complaint relate to discretionary functions of the defendant, its agents and employees, and as such come within the exception to the Federal Tort Claims Act; and as to such acts and omissions the defendant has not waived its sovereign immunity.

5. This court does not have jurisdiction over the claims of plaintiff founded on defendant's alleged exercise or failure to exercise the discretionary functions alleged in the complaint.

6. The complaint fails to state a claim against the defendant for which relief can be granted for the reason that the duties and authority conferred upon the defendant, its agents and employees, by the Mineral Leasing Act are for the benefit of the public, and the development of the public domain; and the Mineral Leasing Act confers no absolute, legal duty upon the defendant, its agents or employees, to protect the health and safety of individual employees of lessees of public lands or their contractors or the employees of their contractors.

7. The disposition of this cause is dictated by 28 U.S.C. § 2680, 30 U.S.C. §§ 181 as amended, 186, 189, 226(j) as amended, and related statutory provisions; and by the principles of law enunciated in Dalehite, et al. v. United States, 346 U.S. 15, 73 S.Ct. 956, 97 L.Ed. 1427 (1953); Smith et al. v. United States et al., 10 Cir., 333 F.2d 70 (1964); Weinstein v. United States, 3 Cir., 244 F.2d 68 (1957), cert. den. 355 U.S. 868, 78 S. Ct. 116, 2 L.Ed.2d 74; Thor-Westcliffe Development, Inc. v. Udall et al., 114 U. S.App.D.C. 252, 314 F.2d 257 (1963); and Kirk et al. v. United States of America, 9 Cir., 270 F.2d 110 (1959). The facts in this case are distinguishable from the facts in Oman et al. v. United States, 10 Cir., 179 F.2d 738 (1949), for the reason that the instant case does not involve the interference with, nor the affirmative obligation to protect, a permittee's government-granted privilege.